Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CARLOS ALBERTO RODRÍGUEZ TORO<br><br>Peticionario | KLCE202400804 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Germán<br><br>Sobre:<br>Art. 7.02 Ley 22<br><br>Caso Número:<br>I3TR202400015 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de agosto de 2024.

El peticionario, Carlos A. Rodríguez Toro, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de San Germán, el 14 de junio de 2024, y notificada el 21 de junio de 2024. Mediante la misma el foro primario declaró *No Ha Lugar* una *Moci[ó]n en Solicitud de Desestimaci[ó]n* promovida por el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del presente recurso de *certiorari*.

**I**

El 12 de febrero de 2024 el Ministerio Público presentó una *Denuncia* en contra del peticionario por infracción al Artículo 7.02 de la Ley Núm. 22 de 7 de enero de 2002, según enmendada, 9 LPRA sec. 5202, por hechos ocurridos el 15 de septiembre de 2023. En esencia, se le imputó conducir un vehículo de motor bajo los efectos de bebidas embriagantes. Posteriormente, el 4 de marzo de 2024, el foro primario determinó causa probable.

Así las cosas, el 30 de mayo de 2024, el peticionario presentó una *Moci[ó]n en Solicitud de Desestimaci[ó]n*, en la cual solicitó que

se desestimara la denuncia presentada en su contra, al amparo de la Regla 64(n)(2) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64. Alegó que, desde el momento de su arresto, el 15 de septiembre de 2023, hasta la presentación formal de los cargos habían transcurrido ciento setenta (170) días, por lo que se había violentado su derecho a juicio rápido.

Por su parte, el 4 de junio de 2024, el Ministerio Público presentó *Moción en Oposición a Solicitud de Desestimación al Amparo de la Regla 64(N)*. En el pliego, argumentó que el derecho a juicio rápido del peticionario no se activó hasta que este estuvo sujeto a responder, es decir, el 4 de marzo de 2024, día en que se determinó causa y se ordenó su citación para la celebración del juicio. De igual forma, sostuvo que el peticionario interpretó de manera incorrecta lo que constituye "arresto", debido a que pretendió que se considerara la detención ocurrida el día de los hechos, para tomarle una muestra de aliento, como punto de partida para computar el término de juicio rápido. Así, solicitó que se denegara la solicitud de desestimación del peticionario.

Evaluados ambos planteamientos, el Tribunal de Primera Instancia emitió la *Resolución* recurrida. Mediante la referida determinación, declaró *No Ha Lugar* la Solicitud de *Moci[ó]n de Desestimaci[ó]n* incoada por el peticionario. El foro *a quo* razonó que el derecho a juicio rápido del acusado se activó el 4 de marzo de 2024, tras determinarse causa probable para arresto y que fuese ordenada su citación. De este modo, ordenó la continuación de los procedimientos.

Inconforme con lo resuelto, el 18 de julio de 2024, el peticionario recurrió ante nos mediante el presente recurso de *certiorari*. En el mismo formula los siguientes señalamientos de error:

Erró el Honorable Tribunal de Primera Instancia (TPI) al declarar No Ha Lugar la Moción en Solicitud de Desestimación instada por el imputado al amparo de la Regla 64(N). Ello en violación al debido proceso de ley que cobija al peticionario.

Erró el Honorable Tribunal de Primera Instancia (TPI) al no desestimar el caso cuando el agente del Orden Público que denunció al imputado no lo citó a la vista de determinación de causa probable para el arresto, radicando la denuncia en ausencia y sin expresar razones para dicho proceder. Ello en violación al debido proceso de ley que cobija al peticionario.

## II

### A

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden.  Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que

incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Un examen del expediente ante nuestra consideración mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las debidamente ejercidas por el foro primario. A nuestro entender, la *Resolución* aquí recurrida, no se aparta de la norma aplicable a los derechos sustantivos y procesales invocados, ni demuestra un abuso de discreción del foro *a quo*. La misma se ajusta al estado de derecho aplicable a la materia que atendemos.

Tal cual resuelto, el derecho a juicio rápido del peticionario no se activó hasta el 4 de marzo de 2024, fecha en se encontró causa probable en su contra. Ha sido claramente establecido por nuestro Tribunal Supremo que la protección constitucional a un juicio rápido se activa desde el momento en que la persona está sujeta a responder ("held to answer"), es decir desde que: (1) se determina causa probable para citar o arrestar; (2) se arresta a una persona conforme a la Regla 11 o Regla 12 de Procedimiento Criminal; o (3) desde que se expide una citación al amparo de la Regla 7(a) de Procedimiento Criminal sujeta a que sea validada posteriormente por un juez. *Pueblo v. García Vega,* 186 DPR 592, 609 (2012) citando a *Pueblo v. García Colón I,* 182 DPR 129, 142 (2011).

En el presente caso, contrario a lo esbozado por el peticionario, este no estuvo sujeto a responder hasta que se presentó de manera formal el proyecto de denuncia y posteriormente el tribunal encontró causa para que fuese citado.[1]

De otra parte, en cuanto al segundo señalamiento de error, surge del expediente que este no fue planteado ante el Tribunal de

---

[1] Debemos destacar, el peticionario no fue citado en ningún momento al amparo de la Regla 7(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 7.

Primera Instancia. Es por ello que nos abstendremos de adjudicar sobre lo alegado en el mismo. Sabido es, que el Tribunal Supremo ha establecido en reiteradas ocasiones que como regla general los foros revisores debemos abstenernos de adjudicar cuestiones no presentadas ni atendidas por los tribunales inferiores. *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982, 993 (2020); *Trabal Morales v. Ruiz Rodríguez*, 125 DPR 340, 351 (1990).

Siendo ello así, nada justifica que intervengamos con el dictamen recurrido.

**IV**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones